THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-CR-30003-MJR |
| | ) | |
| KAREN STRASSER STEINKE, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

Comes now Stephen R. Wigginton, United States Attorney for the Southern District of

Illinois through Norman R. Smith, Assistant U.S. Attorney for this District and herewith enter

into the following Stipulation of Facts with the defendant, Karen Steinke, represented by her

attorney Charles W. Courtney, Jr., pertaining to the relevant conduct of the defendant within the

scope of U.S.S.G. §1B1.3.

1.    **KAREN STRASSER STEINKE** was an officer, owner and operator of Metro

East Title Company.   As such, operating as a title insurance agent, she received money on behalf

of others, which included escrow, settlement and closing funds.  At all times **KAREN**

**STRASSER STEINKE** was required to hold these funds as a fiduciary in a fiduciary trust

account:

> Funds deposited in connection with any escrows, settlements, or closings shall
> be deposited in a separate fiduciary trust account or accounts in a bank or other
> financial institution insured by an agency of the federal government unless the
> instructions provide otherwise. The funds shall be the property of the person or
> persons entitled thereto under the provisions of the escrow, settlement, or
> closing and shall be segregated by escrow, settlement, or closing in the records of
> the escrow agent. The funds shall not be subject to any debts of the
> escrowee and shall be used only in accordance with the terms of the individual
> escrow, settlement, or closing under which the funds were accepted.
> 215 ILCS 155/16 (e).

1

2.      On or about July 16, 2013, R. L. and M. L. purchased real property in St. Clair County, Illinois, and Metro East served as the settlement agent for the transaction. As part of the transaction, the proceeds paid were to be used to satisfy a mortgage against the real property for $76,864.98 held by Wells Fargo Home Mortgage. $84,109.57 of purchase funds were deposited into Metro East's escrow account, however the fiduciary funds were misused by **KAREN STRASSER STEINKE.** The settlement check drafted upon Metro East's escrow account payable to Wells Fargo to satisfy the Wells Fargo Mortgage was returned upon presentment by Wells Fargo for insufficient funds.

3.      On or about August 7, 2013, Metro East served as a settlement and escrow agent pursuant to an escrow disbursement agreement in connection with a real property transaction between the Columbia American Legion, Columbia Post 581 District 22, American Legion Department of Illinois, which acted as the seller to the transaction, and the City of Columbia, the buyer. The City of Columbia deposited $407,960.04 into the escrow account of Metro East which was to serve as the source for the ultimate escrow and settlement disbursals however the fiduciary funds were misused by **KAREN STRASSER STEINKE.** After the settlement and closing of the August 7, 2013 transaction between the City of Columbia and the American Legion, **KAREN STRASSER STEINKE** as President for Metro East failed to preserve the buyer's funds in Metro East's escrow account and forward the proceeds to the seller.

4.      In an effort to perpetuate her scheme and pay the American Legion with later received escrow funds, **KAREN STRASSER STEINKE** attempted to delay the payment of the funds. She sent a wire transfer of funds in the amount of $4,228.10 on August 20, 2013 to the American Legion Post 581's bank account purportedly as a test wire transfer. On August 21,

2013, she then sent a $15,000 wire transfer to the American Legion Post 581's bank account.  On August 22, 2013, **KAREN STRASSER STEINKE** sent an email to representatives of the buyer and seller falsely representing that the remaining $385,000 was wire transferred and was in process.

5.	**KAREN STRASSER STEINKE,** as an owner and operator of Metro East Title Company, was aware of the financial reporting requirements of the Bank Secrecy Act's anti-money laundering provisions, including the provisions against structuring financial transactions of over $10,000 to avoid Currency Transaction Reports.

6.	**KAREN STRASSER STEINKE** was a compulsive gambler and did remove funds from the escrow account in order to have funds to gamble.  **KAREN STRASSER STEINKE** would structure cash deposits in an effort to conceal her use of the funds.

7.	From March of 2010 through August of 2013, in Monroe and St. Clair Counties within the Southern District of Illinois, **KAREN STRASSER STEINKE** did devise a scheme to defraud clients of Metro East Title through the misuse of fiduciary funds.   On or about August 21, 2013, in Monroe County, Illinois and elsewhere, in furtherance of the scheme and for the purpose of executing the scheme **KAREN STRASSER STEINKE** caused a foreseeable interstate wire transmission to occur, meaning an attempted wire transfer of funds from the Metro East Title Company escrow account for the benefit of the American Legion, Columbia, Illinois.

8.	From on or about March 20, 2010 and continuing through March 22, 2010, in Monroe and St. Clair Counties within the Southern District of Illinois, **KAREN STRASSER STEINKE,**

3

did structure the deposits of cash to avoid a CTR [cash transaction report] for a cash transaction over $10,000. Structuring refers to the manipulating of transactions to evade currency reporting or record keeping requirements. A person can structure by engaging in multiple transactions on a single day through the same or several agents. A person can also structure by engaging in multiple transactions through the same or several agents over a period of days. **KAREN STRASSER STEINKE** did structure the following transactions to avoid the cash transaction reporting requirement:

| Date | Time | Location | Amount | |
|------|------|----------|--------|--|
| | | | | |
| 03/20/2010 | 2:12PM | Waterloo IL Schnucks | $ | 3,600 |
| 03/20/2010 | 2:13PM | Waterloo IL Schnucks | $ | 2,600 |
| 03/20/2010 | 2:15PM | Waterloo IL Schnucks | $ | 2,000 |
| 03/20/2010 | 2:16PM | Waterloo IL Schnucks | $ | 4,000 |
| 03/20/2010 | 2:20PM | Waterloo IL Schnucks | $ | 9,800 |
| | | | | |
| | | | $ | 22,000 |
| | | | | |
| 03/21/2010 | 12:01PM | Swansea IL Schnucks | $ | 1,900 |
| 03/21/2010 | 12:03PM | Swansea IL Schnucks | $ | 5,000 |
| | | | | |
| | | | $ | 6,900 |
| | | | | |
| 03/22/2010 | 9:10AM | West Belleville IL | $ | 10,000 |
| 03/22/2010 | 9:13AM | West Belleville IL | $ | 8,100 |
| 03/22/2010 | 5:40PM | Waterloo IL Schnucks | $ | 4,000 |
| 03/22/2010 | 5:42PM | Waterloo IL Schnucks | $ | 4,800 |
| | | | | |
| | | | $ | 26,900 |
| | | Total | $ | 55,800 |

SO STIPULATED:

STEPHEN R. WIGGINTON
United States Attorney

KAREN STRASSER STEINKE
Defendant

NORMAN R. SMITH
Assistant United States Attorney

CHARLES W. COURTNEY, JR.
Attorney for Defendant

Date: _1/31/2014_

Date: _1/31/2014_